DOUCET, Judge.
Plaintiff, Ruby Mae Celestine, brought this suit against Great Southern Oil & Gas Company and Lawrence Vincent, Jr. to recover damages for personal injuries that she sustained in an automobile collision on January 31, 1978. At the trial, the defendants stipulated that they were liable for any damages sustained by plaintiff as a result of the accident, and that plaintiff had incurred medical expenses in the sum of $876.00. The issue of damages was tried before a jury, which returned a verdict in favor of plaintiff in the sum of $2,000.00. From a judgment rendered in accordance with that verdict, plaintiff appealed.
Plaintiff’s assignments of error are as follows:
(1) The jury’s award of $2,000.00 was so inadequate as to constitute an abuse of its discretion.
(2) The trial court erred in failing to grant a new trial because of the inadequacy of the verdict.
*196 (3) The trial court erred in refusing to grant a new trial because of jury misconduct.
The evidence concerning plaintiff’s injuries consisted primarily of the testimony of plaintiff and two physicians, Dr. Louis Weinstein and Dr. James McDaniel. Plaintiff testified that shortly after the accident her head began to ache and that in the following days and months she has experienced generalized pain and swelling throughout most of her body, as well as gastrointestinal complaints. She also testified that her pain was increased upon exertion, and that she found it necessary to restrict her activities and take analgesics to achieve any degree of comfort.
Dr. Louis Weinstein, a general practitioner, testified that he examined plaintiff five days after the accident. He concluded at that time that she has suffered a whiplash, or hyperextension, injury of her neck. He attributed her subsequent complaints of pain, swelling and gastrointestinal distress to nerve irritation, which was secondary to the whiplash injury. For ten months following the accident, Dr. Weinstein treated plaintiff with diathermy treatments, analgesics, and other medications.
Dr. James McDaniel, an orthopedic surgeon, testified that he examined plaintiff on one occasion approximately one year pri- or to the trial. X-rays and a complete orthopedic examination revealed no objective signs of an injury at that time. During the course of the examination, plaintiff complained of pain numerous times. Dr. McDaniel found her responses to be vague and inappropriate from a physiological standpoint. He concluded that she was being untruthful when she claimed that she was experiencing pain.
Plaintiff argues that in view of her testimony and the testimony of Dr. Wein-stein, the jury’s award was clearly inadequate. We find no merit in that argument. Dr. Weinstein readily admitted that his conclusions were based largely on plaintiff’s subjective complaints. He did not take X-rays or perform other similar diagnostic tests during the time that he was treating her, and his physical examinations revealed few objective symptoms to support her complaints. Dr. McDaniel’s testimony raises considerable doubt about plaintiff’s credibility and about the soundness of Dr. Wein-stein’s conclusion that her complaints stemmed from a hyperextension injury. Under those circumstances, we find that the jury could reasonably have rejected their testimony and concluded that plaintiff’s injuries were simply not as bad as she claimed.
In connection with her first two assignments of error, plaintiff also alleged that defendant’s attorney had stated in his summation to the jury that a fair and just award would be the sum of $5,000.00. Plaintiff argues that that statement was a judicial admission, which was binding on the defendants, citing the recent case of Johnson v. Harry Jarred, Inc., 391 So.2d 898 (La.App. 2nd Cir. 1980). We need not determine the applicability of the holding in that case to the circumstances alleged by plaintiff, however, since we find that she has failed to prove her allegations. The record before us does not contained a transcription of counsel’s opening and closing statements. Thus, there is no evidence in the record to support plaintiff’s argument.
It is well established that trial courts are vested with considerable discretion in fixing awards of general damages and that such awards may not be disturbed on appeal unless the record clearly reveals an abuse of that discretion. Coco v. Winston Industries, Inc., 341 So.2d 332 (La. 1977); Reck v. Stevens, 373 So.2d 498 (La. 1979). After reviewing all of the evidence, we do not find that the award is so inadequate as to constitute an abuse of the jury’s discretion. Accordingly, we find no error in the trial court’s refusal to grant a new trial on that basis.
Plaintiff’s third assignment of error deals with the trial judge’s refusal to grant a new trial because of jury misconduct. In her motion for a new trial, plaintiff alleged that because of some confusion about the trial judge’s instructions, the jury errone *197 ously arrived at a quotient verdict. At the hearing on the motion, plaintiff attempted to prove that allegation by means of an affidavit sworn to by the jury foreman, John Rachal.
Defendants correctly argue that such evidence is inadmissible. The prevailing rule in the jurisprudence of this state is that the affidavits or testimony of jurors to impeach their own verdicts are inadmissible. Lachney v. Jones, 373 So.2d 595 (La. App. 3rd Cir. 1979), writ denied 376 So.2d 959 (La.1979). Accordingly, we find that the trial judge correctly refused to find that there was jury misconduct on the basis of the foreman’s affidavit. Since we find nothing in the trial judge’s instructions to the jury which could reasonably be construed as an inference that a quotient verdict should be reached, we agree that plaintiff has failed to prove that she is entitled to a new trial because of jury misconduct.
For these reasons, the judgment appealed by plaintiff is affirmed. All costs of this appeal are taxed to plaintiff.

AFFIRMED.